Jones, Collier and Hill *v.* Wasson and Lillard, Administrator.

Jones, Collier and Hill *v.* Wasson and Lillard, Administrator.

Sample. *Sale by, or not.* Whether a sale was by sample, or upon the plaintiff's own judgment, is a question of intention, and is a fact to be left to the jury.

FROM RUTHERFORD.

Appeal from the Circuit Court. W. H. Williamson, Judge.

Jno. W. Burton for Jones, *et al.*

C. Ready and B. F. Lillard for Wasson and Lillard.

McFarland, J., delivered the opinion of the Court.

The question in this case was, whether a sale of two bales of cotton by the defendants to the plaintiffs was upon a warranty that the bulk of the bales should correspond with samples present at the time of the contract. One of the plaintiffs drew the samples from the bales, and upon examination made the offer that was accepted. It is argued that he made the purchase upon these samples, and one of the defendants was present and acquiesced in adopting the samples, and it was, in reality, a sale by sample.

For the defendants, it was insisted that they re-

fused to sell by sample, and required the plaintiff to purchase upon his own judgment, telling him that the two bales in question were of bad cotton, and that the samples drawn by the plaintiffs were only relied upon by him in making up his own judgment.

We are of opinion that whether the sale was by sample, or a sale upon the plaintiffs own judgment, was a question of fact for the jury.

It is argued that where, from the nature of the commodity, it is not open to inspection, and the purchaser has not the same means as the seller of examining the article, the law implies a warranty that the bulk shall correspond with such samples as may be obtained, and that all such sales are by sample; and that this is particularly so as to baled cotton, which caunot be taken apart and examined in the interior. It is true that the interior of the bale cannot be examined except in an imperfect manner, but the purchaser may nevertheless have as full opportunity of examination, and know as much of the article as the seller. This would most probably be so in nearly all cases, except where the seller of the cotton might happen to be the party who had grown it, or put up the bale, and in such a case, if he knew of defects which he fraudulently concealed, he would be liable for the fraud, although the purchaser may have bought upon his own judgment. So, in a sale of cotton in bales, we think the question whether the sale is by sample is a question of fact for the jury, and the purchaser may, if he choose, buy upon his own judgment,

and in the absence of fraud, will be bound by his contract. The question in such case is whether or not the parties understand that the sale is made upon the representation or undertaking of the seller, either express or implied, that the bulk shall correspond as the samples on exhibition. Of course, in such a case, it is not of ' itself controlling that one party or the other shall draw the samples. It is not essential that the seller shall make this agreement in express words; it may be understood from the circumstances, or the course of business; but there is nothing to prevent the sale being made alone upon the purchaser's own judgment, if they so understand it. Of course, in such case, the seller would still be liable, if guilty of fraud.

We think the Circuit Judge fairly left the question to the jury. It is objected that he laid too much stress upon the fact that the samples were drawn by the plaintiff. It is true, this would not be at all conclusive, but we think that the charge, as a whole, is correct, for the jury were told, if the seller adopted the samples drawn by the plaintiff, he would be bound by them. So, at last, the question was, did the defendant sell upon these samples.

We think the charge is not erroneous, and the verdict sustained by the evidence.

The judgment will be affirmed.